**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADEIA GUIDES INC.; ADEIA MEDIA SOLUTIONS INC.; and ADEIA MEDIA HOLDINGS LLC, <br><br>Plaintiffs, <br><br>-against- <br><br>SHAW CABLESYSTEMS G.P.; and SHAW SATELLITE G.P., <br><br>Defendants. | No. <br><br><br><br><br><br>**COMPLAINT** <br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC (collectively, "Plaintiffs" or "Adeia") make the following allegations against Defendants Shaw Cablesystems G.P. ("Shaw Cable") and Shaw Satellite G.P. ("Shaw Direct") (collectively, "Defendants" or "Shaw").

## NATURE OF THE CASE

1. Adeia and Shaw entered into an Interactive Program Guide Patent License Agreement effective as of April 1, 2014, under which Adeia granted Shaw a license to Adeia's interactive program guide patents and patent applications. After its merger earlier this year with another company (namely, Rogers Communications Inc. ("Rogers")), Shaw abruptly stopped paying the royalties that it owed under the license agreement, which constitutes a breach of the license agreement. This action seeks to hold Shaw accountable for its breach.

## THE PARTIES

2. Adeia Guides Inc. (formerly known as Rovi Guides, Inc.) is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 3025 Orchard Parkway, San Jose, California.

11239760

3. Adeia Media Solutions Inc. (formerly known as TiVo Solutions Inc.) is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 3025 Orchard Parkway, San Jose, California.

4. Adeia Media Holdings LLC (formerly known as TiVo Corporation) is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business at 3025 Orchard Parkway, San Jose, California.

5. On information and belief, Shaw Cable is a corporation organized and existing under the laws of Canada and having its principal place of business at Suite 900, 630 – 3rd Avenue S.W., Calgary, AB, T2P 4L4, Canada. On information and belief, Shaw Cable is in the business of providing television packages, programming, internet, phone, and other related products and services.

6. On information and belief, Shaw Direct is a corporation organized and existing under the laws of Canada and having its principal place of business at Suite 900, 630 – 3rd Avenue S.W., Calgary, AB, T2P 4L4, Canada. On information and belief, Shaw Direct offers video and audio programming by satellite.

**JURISDICTION AND VENUE**

7. This Court has personal jurisdiction over Shaw. Shaw consented to personal jurisdiction of this Court in the Interactive Program Guide Patent License Agreement, which states: "Venue for any proceedings arising out of or related to this Agreement shall be in a court within the State of New York and the City of New York. Each Party hereby consents to the exclusive personal jurisdiction of such New York courts and unequivocally waives any and all defenses and/or rights to challenge the jurisdiction or venue of such courts."

8. The Court has subject matter jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332. Specifically, Adeia is a citizen of California, and each Defendant is a citizen of the foreign state of Canada, and the amount in controversy between the parties exceeds $75,000 exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391. As noted above, under the Interactive Program Guide Patent License Agreement, Shaw agreed to exclusive venue in courts within the State and City of New York and waived any and all defenses and/or rights to challenge this venue.

## FACTUAL BACKGROUND

10. In April 2014, Shaw, as licensee, entered into the Interactive Program Guide Patent License Agreement with Rovi Guides, Inc. (now known as Adeia Guides Inc.), as licensor ("2014 Agreement"). The agreement was subsequently amended twice, once to add mobile/online platforms and make other changes ("Amendment One"), and then to extend its term to December 31, 2025 and add as additional licensors TiVo Solutions Inc. (now known as Adeia Media Solutions Inc.) and TiVo Corporation (now known as Adeia Media Holdings LLC) ("Amendment Two"). True and correct copies of the 2014 Agreement and both amendments (all collectively referred to herein as the "Agreement") are attached as Exhibit A.[1]

11. The Agreement provides Shaw with certain patent rights relating to the provision of cable and satellite services.

12. Under the Agreement, Shaw is required to pay royalties to Adeia throughout the term of the Agreement. Specifically, pursuant to Sections 4 and 5 of the Agreement, Shaw shall

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Agreement.

pay to Adeia "all fees set forth in Schedule B," and the royalty payments are due "within forty-five (45) days after the end of each calendar month during the Term, and shall be accompanied by a complete and accurate statement of account," including a breakdown of the numbers of subscribers.

13. Shaw paid royalties under the Agreement continuously from 2014 until early this year.

14. In the Spring of this year, Shaw Communications Inc., the parent company of Shaw, completed a merger with Rogers. On information and belief, as part of or following the merger, Rogers became the parent company of Shaw.

15. On or about April 27, 2023, pursuant to, *inter alia*, Sections 4 and 5 and Schedule B of the Agreement, Adeia requested that Shaw report and pay royalties for additional subscribers due to the recent merger with Rogers.

16. Shaw refused this request, stopped paying any of the royalties it owed under the Agreement, subsequently claimed that it was giving notice that the Agreement was being "terminated" under Sections 3.2 and 3.3 of the Agreement, and asserted that Shaw would no longer pay any royalties to Adeia.

17. Adeia attempted multiple times to resolve the issue with Shaw, to no avail. Ultimately Shaw stopped all meaningful negotiations and discussions with Adeia despite repeated attempts by Adeia to meet and/or speak with Shaw.

18. Shaw's failure to pay, past and ongoing, constitutes a breach of the Agreement and has already resulted in millions of dollars of damages to Adeia.

## COUNT I

### (Breach of Contract)

19. Adeia realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 18 of this Complaint as though set forth fully herein.

20. The Agreement is a valid and enforceable contract between Adeia and Shaw.

21. Since the parties entered into the Agreement, Adeia has performed all of its obligations under the Agreement, and all conditions required for Shaw's performance under the Agreement have been satisfied.

22. Shaw has certain obligations under the Agreement, including, without limitation, the obligation to accurately and completely report on royalties owed and to pay royalties accordingly.

23. Shaw has breached the Agreement, which is ongoing, by failing to perform as required by the Agreement, for example and without limitation by failing to pay when due the full amounts it owes to Adeia under the Agreement and by failing to provide all information required under the Agreement, including as to the full scope of subscribers, pursuant to Sections 4 and 5 and Schedule B.

24. As a direct and proximate result of Shaw's actions, Adeia has suffered and will continue to suffer damages, already in the millions of dollars and growing, in an amount to be proven at trial.

## COUNT II

### (Declaratory Relief)

25. Adeia realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 24 of this Complaint as though set forth fully herein.

26. An actual controversy has arisen and now exists between Adeia and Shaw regarding Shaw's obligation to pay royalties under the Agreement. Adeia asserts that the Agreement requires Shaw to make monthly payments to Adeia, while Shaw asserts, but has not shown, that it no longer has any obligation to pay royalties under the Agreement.

27. Accordingly, Adeia requests a judicial declaration that Shaw is required to pay royalties under the Agreement up to and including December 31, 2025.

## PRAYER FOR RELIEF

WHEREFORE, Adeia prays for entry of judgment against Shaw as follows:

(a)   Judgment in favor of Adeia and against Shaw on each claim;

(b)   Damages in an amount to be proven at trial, plus pre-judgment interest, attorneys' fees, and costs;

(c)   A declaration that Shaw is required to pay royalties under the Agreement up to and including December 31, 2025; and

(d)   Such other and further relief as this Court deems just and proper.

Dated: October 2, 2023

Respectfully submitted,

By: _____

Jie Gao
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
E-mail: JGao@irell.com
Telephone: (949) 760-0991
Facsimile: (949) 760-5200