# MAYER | BROWN

January 16, 2024

**VIA ECF**

Hon. Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Henninger S. Bullock**
Partner
T: +1 212 506 2500
HBullock@mayerbrown.com

Re: *Adeia Guides Inc. et al. v. Shaw Cablesystems G.P. et al.*,
Case No.: 1-23-cv-08796-ALC
<u>Motion for Leave to Redact Portions of Shaw's Pre-Motion Letter</u>

Dear Judge Carter:

We represent Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. (collectively, "Shaw") in the above-referenced civil action. Pursuant to this Court's Individual Practice Rule 6(D), we respectfully request leave to file confidential portions of Shaw's forthcoming pre-motion conference letter on its anticipated motion to dismiss ("Pre-Motion Letter") with redactions, including quotes or comprehensive summaries of the Interactive Program Guide Patent License Agreement ("Agreement") that has already been filed under seal by Plaintiffs. (*See* Dkt. 1-1 (Exhibit A to the Complaint)).

Shaw has both good cause and a compelling reason to redact portions of its Pre-Motion Letter and has undertaken a careful review to ensure that its redaction request is narrowly tailored to protect the public's interest in access to public records. The only portions that Shaw wishes to redact are portions quoting or referring to commercially sensitive information contained in the Agreement, which this Court has already ordered to be filed under seal. (Dkt. 3).

Shaw's limited proposed redactions are consistent with precedent in the Second Circuit and this District concerning sealing and redactions. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. (*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. (*Id.* at 119–20). Competing interests include "the privacy interests of those resisting disclosure." (*Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995))).

Here, although the License Agreement is a judicial document, the presumption of public access is of less weight where Shaw seeks only to redact commercially sensitive information that has already been filed under seal with the complaint and relates only to the confidential Agreement between the parties. (*See SEC v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (granting redactions where defendants' proposed redactions "protect any potentially sensitive information while leaving unobstructed the language relevant to the Court's decision")). For these reasons, Shaw's proposed redactions to its Pre-Motion Letter are appropriate and narrowly tailored to protect these competing interests.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian law partnership).

Honorable Andrew L. Carter Jr.
January 16, 2024
Page 2

* * *

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Henninger S. Bullock*
Henninger S. Bullock

cc: Matt Ashley
     Ben Hattenbach