# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067**

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

750 17TH STREET NW, SUITE 850
WASHINGTON, DC 20006
TELEPHONE (202) 777-6500

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7937
FACSIMILE (310) 203-7199
bhattenbach@irell.com

January 19, 2024

Hon. Andrew L. Carter Jr.                   <u>**FILED UNDER SEAL**</u>
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Adeia Guides Inc. et al. v. Shaw Cablesystems G.P. et al.*,
       Case No.: 1:23-cv-08796-ALC
       <u>Opposition to Shaw's Pre-Motion Letter</u>

Dear Judge Carter:

We represent plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC (collectively, "Adeia") in the above-referenced action. Pursuant to Your Honor's Individual Practices, Adeia submits this letter in response to the pre-motion letter filed by Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. (collectively, "Shaw") regarding Shaw's proposed motion to dismiss. Shaw's anticipated motion is not a proper attack on a pleading and is meritless.

## I.    Adeia Has Adequately Alleged Breach of Contract

Adeia has adequately alleged breach of contract. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also Ellington Credit Fund, Ltd. v. Select Portfolio Servicing*, Inc., 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011). Adeia has sufficiently pleaded all four elements: <u>Existence of an agreement</u>: Adeia pleaded, and Shaw does not dispute, that the parties entered into a license agreement (the "Agreement") with an expiration date of December 31, 2025. Compl. ¶ 10. <u>Adequate performance</u>: Adeia pleaded that it "has performed all of its obligations under the Agreement." *Id.* ¶ 21. Shaw does not contend this element is insufficiently pleaded. <u>Breach by the defendant</u>: As Shaw acknowledges, Adeia has pleaded breach of contract based on Shaw's "fail[ure] to report and pay for additional subscribers" and failure to "pay[] royalties." ECF No. 21 at 1; *see also* Compl. ¶ 23. <u>Damages</u>: Adeia has alleged that Shaw ceased paying required royalties under the contract, Compl. ¶ 22, and that, "[a]s a direct and proximate result of Shaw's actions," it "has suffered and will continue to suffer damages, already in the millions of dollars and growing." *Id.* ¶ 24.

Adeia's allegations are more than sufficient to satisfy Rule 8. Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Hon. Andrew L. Carter Jr.
January 19, 2024
Page 2

relief"). Shaw argues that Adeia has not properly pleaded damages. But in the case Shaw cites, the plaintiff asked to be employed for a period, was paid for that period, but still inexplicably (and, as the court held, nonsensically) claimed "damage" for having to work during that period. *Int'l Bus. Machs. Corp. v. Dale*, No. 7:11-CV-951 (VB), 2011 WL 4012399, at *2-3 (S.D.N.Y. Sept. 9, 2011). In contrast here, Adeia has pleaded a failure to pay owed royalties that already amount to millions of dollars (and continue to accrue). That is more than sufficient under the Federal Rules. *See, e.g.*, *Tech. Opportunity Grp., Ltd. v. BCN Telecom, Inc.*, No. 16-CV-9576 (KMK), 2019 WL 4688628, at *11 (S.D.N.Y. Sept. 25, 2019) (allegations sufficient because "plaintiff alleges that [defendant] 'breached the [contract] by its failure to pay amounts due and owing to [plaintiff] under the [contract]' for services performed, and identifies its damages as at least $75,000"); *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 516 (S.D.N.Y. 2015) ("While plaintiff does not . . . estimate damages beyond the assertion that they are substantially greater than the federal amount-in-controversy requirement, the [complaint] provides adequate notice to the Defendant on the issue of damages"). Similarly, Shaw attacks one part of the damages component of Adeia's breach of contract claim (*i.e.*, the royalties owed for Rogers subscribers), but a breach of contract claim cannot be challenged under Rule 12(b)(6) based on an assertion that part of the claimed damages are supposedly not recoverable. *See, e.g.*, *Martell Strategic Funding, LLC v. Am. Hosp. Acad.*, No. 12-CV-0627 (ALC), 2013 WL 12562179, at *4 (S.D.N.Y. Sept. 4, 2013) ("To the extent Plaintiff has not alleged damages with certainty or accuracy, there is no basis to dismiss Plaintiff's claim" because under New York law, "whenever there is a breach of a contract . . . the law infers some damage." (citation omitted)); *see also JTRE Manhattan Ave. LLC v. Cap. One, N.A.*, 585 F. Supp. 3d 474, 482 (S.D.N.Y. 2022) ("[S]tating some form of damages is all that is required to plead a prima facie claim for breach of contract."); *In re New York Internet Co., Inc.*, 2018 WL 1792235, at *11 (Bankr. S.D.N.Y. Apr. 13, 2018) (denying in part motion to dismiss where plaintiff "sufficiently plead [sic] the existence of at least one continuing payment obligation . . . and perhaps two more").

## II. Shaw's "Termination" Arguments Cannot Serve as a Basis for Its Motion to Dismiss and Are in Any Event Without Merit

Because it cannot challenge Adeia's pleadings of the actual elements of a breach of contract claim, Shaw tries to use the pre-motion letter (and motion to dismiss) process to interject one of its intended defenses, and then to litigate that defense under the guise of a pleading challenge to the complaint. Shaw argues, in essence, that certain events have transpired that entitle Shaw to terminate the contract. However, that is not a proper pleading challenge to the complaint. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses . . . and to affirmatively plead facts in avoidance of such defenses."). "The termination of a contract is not presumed, and the burden of establishing it rests upon the party who asserts it," *i.e.*, Shaw. *Armour & Co. v. Celic*, 294 F.2d 432, 436 (2d Cir. 1961).

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Hon. Andrew L. Carter Jr.
January 19, 2024
Page 3

Shaw's proffered authority does not hold otherwise.  In *Jill Stuart (Asia) LLC v. Sanei Int'l Co.*, 548 F. App'x 20, 22 (2d Cir. 2013), an unreported and non-precedential opinion, the plaintiff pleaded itself out of a case.  The plaintiff's own complaint demonstrated on its face that it had breached the contract that the plaintiff accused the defendant of breaching, thereby entitling defendant to terminate the contract.  *Id.* at 20-21.  Shaw points to nothing in the complaint that pleads Adeia out of its own case.  In *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, another unreported opinion, the plaintiff's claim was for wrongful termination of a contract, but the plaintiff failed to plead any facts that would show the termination was wrongful.  No. 20-CV-5649 (LAK), 2021 WL 2582132, at *6 (S.D.N.Y. June 23, 2021).  But Adeia's claim is not for wrongful termination, and the complaint here alleges the contract at issue is fully operative until December 31, 2025.  Compl. ¶ 10.  It is Shaw who apparently intends to defend this case by arguing that it has a right to terminate the contract.  But that is a defense; it is not an argument that can be summarily accepted at this stage to defeat a properly pleaded claim for breach of contract for failure to pay royalties.

In addition to being an improper challenge to a pleading, Shaw's termination assertion is also meritless.  For instance, Shaw contends that, because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not a representation that patents would never expire (all patents eventually expire); ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Similarly, Shaw points to a couple of cases ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  And even as to the ▮▮▮▮▮ that Shaw for some reason myopically focuses on, Shaw fails to mention that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Agreement § 3.3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (emphasis added)).  And Shaw says nothing of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (numerous of which are plainly applicable under Section 3.3, one of the provisions that Shaw is purporting to invoke in its defense of termination of the license).

Shaw also cites *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), and argues that the rule it sets forth is still the law.  But *Brulotte* simply held that a licensor cannot extract royalties on a license to use a machine after all of the patents incorporated into that machine have expired.  And the very case that Shaw cites as "upholding" *Brulotte* makes clear that *Brulotte*'s rule does **not** bar "a licensing agreement cover[ing] . . . multiple patents . . . [with] royalties . . . run[ning] until the latest-running patent covered in the parties' agreement expires."  *Kimble v. Marvel Entm't LLC*, 576 U.S. 446, 454 (2015) (citing *Brulotte*, 379 U.S. at 30).  Here, it is undisputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and *Brulotte* is thus inapplicable.

In any event, the Court need not delve into the lack of merits of Shaw's proposed termination defense, as that is not the proper role of a motion to dismiss a complaint.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Hon. Andrew L. Carter Jr.
January 19, 2024
Page 4

Respectfully submitted,



**IRELL & MANELLA LLP**
**Benjamin Hattenbach**
Email: bhattenbach@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**A. Matthew Ashley**
Email: mashley@irell.com
**Jie Gao**
Email: jgao@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

**SHAPIRO ARATO BACH LLP**
**Jonathan P. Bach**
Email: jbach@shapiroarato.com
**Bronwyn C. Roantree**
Email: broantree@shapiroarato.com
1140 Avenue of the Americas, 17th FL.
New York, NY 10036
Telephone: (212) 257-4880

cc: All Counsel of Record