UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADEIA GUIDES INC., ADEIA MEDIA
SOLUTIONS INC., and ADEIA MEDIA
HOLDINGS LLC,

                          **Plaintiffs,**

            **-against-**

SHAW CABLESYSTEMS G.P. and SHAW
SATELLITE G.P.,

                         **Defendants.**

**1:23-cv-08796 (ALC)**

<u>**OPINION & ORDER**</u>

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC, allege breach of a license agreement and pursue declaratory relief. Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is **granted in part** and **denied in part**.

## BACKGROUND

### I.      Factual History

Plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC (collectively "Adeia" or "Plaintiffs") are corporations organized and existing under the laws of the State of Delaware. *See* ECF No. 1 ¶¶ 2–4. Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. (together "Shaw" or "Defendants") are corporations organized and existing under the laws of Canada.

On or around April 25, 2014, Shaw, as licensee, entered into the Interactive Program Guide Patent License Agreement ("Agreement") with Rovi Guides, Inc. (now known as Adeia Guides Inc.), as licensor. *Id.* ¶ 10. The Agreement was amended twice. The second amendment of the

Agreement extended its term to December 31, 2025, and added additional licensors TiVo Solutions Inc. (now known as Adeia Media Solutions Inc.) and TiVo Corporation (now known as Adeia Media Holdings LLC). *Id.* ¶ 10.

The Agreement requires Shaw to pay royalties for the use of Adeia's patents throughout the specified term. *See id.* ¶ 12. Shaw paid royalties under the Agreement from 2014 until early 2023. *See id.* ¶ 13. During the spring of 2023, Shaw Communications Inc., the parent company of Shaw, completed a merger with Rogers Communications Inc. ("Rogers"). *See id.* ¶ 14. On or around April 27, 2023, Adeia requested that Shaw report and pay royalties for the Rogers subscribers gained in the recent merger pursuant to Sections 4 and 5, and Schedule B of the Agreement. *See id.* ¶ 15. Shaw refused the request and stopped paying any of the royalties it owed under the Agreement. *See id.* ¶ 16. Shaw claimed that it was giving notice that the Agreement was being terminated under Sections 3.2 and 3.3 of the Agreement, and asserted that Shaw would no longer pay any royalties to Adeia. *See id.* ¶ 16.

## II.    Procedural History

On October 6, 2023, Plaintiffs filed this action. *See generally* ECF No. 1. In its complaint, Adeia asserts one count for breach of contract and one for declaratory relief. *See id.* at 5–6. On October 8, 2024, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF. No. 45. On October 29, 2024, Plaintiffs filed their opposition. *See* ECF. No. 53. On November 12, 2024, Defendants filed their reply. *See* ECF No. 57.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

Shaw moves to dismiss the complaint, arguing that it was entitled to terminate the Agreement, *see* ECF No. 46 at 9–14, and that the Rogers subscribers did not fall under the

Agreement, *see id.* at 14 –16. Shaw additionally argues that Adeia's claim for declaratory relief should be dismissed as duplicative of the breach of contract claim. *See id.* at 16–17.

Before delving into the substance of these arguments, the Court notes that Adeia does not bring the breach of contract claim based on Shaw's termination of the Agreement, only Shaw's failure to pay royalties for the Rogers subscribers. *See* ECF No. 53 at 6 ("Shaw's Motion assumes that Adeia's claim is based on Shaw's attempted termination. Shaw is wrong. The Complaint does not say that."). In light of this, the permissibility of Shaw's termination is not relevant to the question before the Court: whether Adeia has adequately alleged Shaw breached the Agreement by failing to pay royalties for the new Rogers subscribers.[1]

## I.    Adeia Adequately Alleged a Breach

Adeia has adequately pleaded factual content for the Court to reasonably infer that Shaw is liable for a breach of contract. "To prevail on a breach of contract claim under New York law, a plaintiff must show that (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages." *Martinez v. Agway Energy Serv.*, *LLC*, 88 F.4th 401, 409 (2d Cir. 2023).[2]

The parties do not dispute the existence of the Agreement, and Adeia has provided it as an exhibit to the Complaint, satisfying the first element. *See* ECF No. 1 ¶ 10; *see generally* ECF No. 46. Shaw also does not contest that Adeia performed its end of the Agreement as reflected by the

---

[1] This additionally renders Shaw's requests for judicial notice moot, as the termination letter and decisions from foreign jurisdictions are not useful in resolving the motion. *See* ECF No. 50.

[2] The parties both brief this claim under New York law. *See* ECF Nos. 46, 53. The Court will therefore apply New York law, finding such consent sufficient to establish choice of law for the purposes of this motion. *See Tehran-Berkeley Civ. & Env't Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989) ("[I]mplied consent to use a forum's law is sufficient to establish choice of law.").

ongoing arrangement between the parties under the Agreement. *See generally* ECF No. 46; ECF No. 57 at 9–10. Additionally, Adeia adequately alleges that Shaw violated its contractual obligations under the Agreement resulting in damages. *See* ECF No. 1 ¶¶ 22–24. The only issue on which the parties disagree is whether Shaw was obligated to pay royalties for the Rogers subscribers, rendering Shaw's refusal and failure to do so a breach of the Agreement. *See* ECF No. 46 at 14–16; ECF No. 53 at 5–6, 23–24; ECF No. 57 at 9–10.

Adeia alleges that Shaw agreed to pay royalties to Adeia throughout the term of the Agreement. *See id.* ¶ 12. These fees are set forth in the Agreement. *See id.* ¶ 10. Further, Adeia alleges Shaw refused to pay additional royalties for the Rogers subscribers gained after the merger, despite a request for payment by Adeia. *See id.* ¶¶ 13–16. The parties also agreed that Shaw would provide Adeia with a report of subscribers utilizing its patents to determine royalty payments. *See* ECF No. 49-1 at 10. Shaw purportedly failed to adhere to this when they did not provide a report after its merger. *See* ECF No. 1 ¶ 15. As the Court assumes the factual allegations in the Complaint to be true, *see Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), Adeia has adequately pleaded that Shaw failed to render payment or the report under the Agreement.

The viability of Adeia's claim then rests on whether it adequately alleged Shaw's obligations under the Agreement to encompass the Rogers subscribers. The Court finds it has.

Adeia cites Sections 4 and 5, and Schedule B of the Agreement for its justification that it is due additional royalties. *See id.* ¶ 15. As a result of the merger, Rogers became an affiliate of Shaw. *See id.* ¶ 14. Pursuant to the Agreement, any "affiliate" of Shaw was also subject to the Agreement. The Agreement guaranteed Shaw and its affiliates use of Adeia's patents in exchange for royalty fees and a guarantee to not be pursued for patent infringement. *See* ECF No. 49-1 at 8.

The Agreement defines an "Affiliate" as: "any corporation, limited liability company, unlimited liability company, limited partnership, partnership or other entity which controls, is controlled by, or is under common control with a Party." *See id* at 1. Drawing all reasonable inferences in Adeia's favor, Rogers comfortably fits within this definition. Therefore, Adeia alleges that Rogers became an affiliate of Shaw after the merger, rendering Adeia's request for a subscriber report and royalty payments reasonable under the Agreement.

Last, because Adeia's request for payment occurred before Shaw gave notice to terminate the Agreement, *see* ECF No. 1 ¶¶ 15–16, the Court finds Adeia to have sufficiently pleaded its breach of contract claim to survive the motion to dismiss. Shaw's motion is denied.

## II.    Declaratory Judgment

Shaw moves to dismiss Adeia's claim for declaratory judgment as duplicative of the breach of contract claim. *See* ECF No. 46 at 16–17. Where a contract claim "will necessarily settle the issues for which the declaratory judgment is sought," such a cause of action is duplicative. *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 100 (S.D.N.Y. 2018) (internal quotation omitted). Additionally, a declaratory judgment "claim is duplicative [if] it seeks no relief that is not implicitly sought in the other causes of action." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006).

Adeia maintains that the relief is distinct because the declaratory relief claim specifically seeks "royalties under the Agreement up to and including December 31, 2025." ECF No. 53 at 25 (quoting ECF No. 1 ¶¶ 25–27) (internal quotation marks omitted). But Adeia's breach of contract claim will determine the scope of its entitlement to royalty payments for the Rogers subscribers under the Agreement, including this more defined relief. Accordingly, the Court finds the declaratory judgment claim to be duplicative and thus dismisses it.

6

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Shaw's motion to dismiss Adeia's breach of contract claim and **GRANTS** the motion to dismiss the declaratory judgment claim as duplicative. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 45. This case will be referred to Magistrate Judge Henry J. Ricardo for general pretrial matters in a separate order.

**SO ORDERED.**

Dated:    **September 29, 2025**
          **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

7