**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ADEIA GUIDES INC.; ADEIA MEDIA SOLUTIONS INC.; and ADEIA MEDIA HOLDINGS LLC,<br><br>                              Plaintiffs,<br><br>                   -against-<br><br>SHAW CABLESYSTEMS G.P.; and SHAW SATELLITE G.P.,<br><br>                              Defendants. | No.  1:23-cv-08796-ALC-HJR<br><br>**PLAINTIFFS' ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIMS (ECF NO. 70)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs and Counterclaim-Defendants Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC (collectively, "Adeia") file this Answer to the Counterclaims of Defendants and Counterclaim-Plaintiffs Shaw Cablesystems G.P. ("Shaw Cable") and Shaw Satellite G.P. ("Shaw Direct®") (collectively, "Shaw") filed on October 14, 2025 (ECF No. 70) and respond to Shaw's allegations as set forth below.  All allegations not expressly admitted are hereby denied.

Adeia denies and disputes Shaw's extraneous introductory statement, which mischaracterizes the Court's September 29, 2025 Opinion and Order (the "Order") (ECF No. 66) and Shaw's own motion to dismiss (ECF No. 47).  As Shaw admits, the Court "denied Shaw's motion to dismiss Count I of the Complaint," in which Adeia alleged a claim for breach of contract based on Shaw's "fail[ure] to pay when due the full amounts it owes to Adeia under the Agreement

and by failing to provide all information required under the Agreement, including as to the full scope of subscribers." ECF No. 1 ¶ 23.

Shaw's motion raised two separate issues concerning Adeia's breach of contract claim: (1) that Adeia could not allege a claim for breach of contract *at all* because "Shaw exercised its contractual right to terminate the IPG Agreement" and (2) that "[e]ven if Adeia had properly alleged that Shaw's termination was improper," "Adeia's *separate* claim that Shaw has breached the IPG Agreement by refusing to pay increased royalty payments by virtue of its merger with Rogers also fails. Pursuant to the IPG Agreement, *Shaw* ███████████████████████████████ ████████████████████████████████████████████████." ECF No. 47 (Shaw's Opening Memorandum of Law) at 3, 9–14. Thus, Shaw's motion never attacked any specific subcategory of subscribers other than what Shaw referred to as the "Rogers subscribers." Rather, Shaw made perfectly clear in its motion to dismiss that, absent termination, Shaw *would* be obligated to pay royalties for its own subscribers: Shaw acknowledged that Adeia seeks to recover unpaid royalties for ███████████████████████████████████████ *and* "'additional' Rogers subscribers" (*id.* at 3, 14), and asserted that "Shaw need only pay a license fee for those subscribers who receive programming through use of a *Shaw* television platform." *Id.* at 15 (emphasis added).

By denying Shaw's motion as to Count I, the Court rejected *both* of Shaw's arguments: the argument that Adeia's breach of contract claim was barred as to all subscribers under Shaw's termination defense; and the argument that Adeia had not pleaded a claim as to Rogers subscribers, as opposed to Shaw subscribers. Thus, despite Shaw's attempt to pretend otherwise, the Order denying Shaw's motion to dismiss as to the breach of contract claim left intact the *entirety* of Adeia's breach of contract claim.

## SHAW'S COUNTERCLAIMS AGAINST ADEIA

Adeia admits that Shaw purports to assert counterclaims against Adeia. Adeia denies that Shaw's counterclaims have any factual or legal merit. Adeia further denies and rejects each and every attempt by Shaw to characterize the language of the IPG Agreement in its Counterclaims, and refers the Court to the full text of the IPG Agreement. Except as expressly admitted below, Adeia denies each and every allegation in Shaw's Counterclaims.

## NATURE OF THE CASE[1]

1.     Adeia admits that it brought suit against Shaw to collect royalties pursuant to the IPG Agreement, and that Shaw purports to assert counterclaims relating to the IPG Agreement. Except as expressly admitted, Adeia denies the allegations in Paragraph 1 of Shaw's Counterclaims.

## PARTIES

2.     Adeia admits the allegations in Paragraph 2 of Shaw's Counterclaims.

3.     Adeia admits the allegations in Paragraph 3 of Shaw's Counterclaims.

4.     Adeia admits the allegations in Paragraph 4 of Shaw's Counterclaims.

5.     Adeia admits on information and belief the allegations in Paragraph 5 of Shaw's Counterclaims.

6.     Adeia admits on information and belief the allegations in Paragraph 6 of Shaw's Counterclaims.

---

[1] For convenience and clarity only, Adeia herein repeats the same headings that Shaw has used in its Counterclaims. Adeia does not admit to the substance of, or any allegations that may purportedly be included in, Shaw's headings. Except where specifically admitted herein, Adeia denies the allegations in Shaw's Counterclaims.

## JURISDICTION AND VENUE

7.      Adeia admits that it filed suit against Shaw in this judicial district. The remaining allegations in Paragraph 7 of Shaw's Counterclaims set forth conclusions of law to which no answer is required. To the extent an answer is required, Adeia admits that the Court has personal jurisdiction over Adeia in this case and that venue is proper in this District for Shaw's Counterclaims.  Adeia denies the remaining allegations in Paragraph 7 of Shaw's Counterclaims.

8.      Adeia admits that it consented to personal jurisdiction in this Court pursuant to Section 9.4 of the IPG Agreement. The remaining allegations in Paragraph 8 set forth conclusions of law to which no answer is required. To the extent an answer is required, Adeia admits that the Court has personal jurisdiction over Adeia in this case.  Adeia otherwise denies the allegations in Paragraph 8 of Shaw's Counterclaims.

9.      Adeia admits that it is a citizen of California and that, upon information and belief, each of Shaw Cable and Shaw Direct® is a citizen of Canada. Adeia further admits that the amount in controversy between the parties exceeds $75,000. The remaining allegations in Paragraph 9 of Shaw's Counterclaims set forth conclusions of law to which no answer is required. To the extent an answer is required, Adeia admits that the Court has subject-matter jurisdiction over Shaw's Counterclaims.  Adeia otherwise denies the allegations in Paragraph 9 of Shaw's Counterclaims.

10.      Adeia admits that Shaw purports to assert counterclaims for breach of contract and declaratory judgment. The remaining allegations in Paragraph 10 of Shaw's Counterclaims set forth conclusions of law to which no answer is required. To the extent an answer is required, Adeia admits that the Court has subject-matter jurisdiction over Shaw's Counterclaims.  Adeia otherwise denies the allegations in Paragraph 10 of Shaw's Counterclaims.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTERCLAIMS**

11.    Adeia admits the allegations in Paragraph 11 of Shaw's Counterclaims.

12.    Adeia admits that the IPG Agreement includes a broad patent portfolio license to certain patent rights relating to the provision of Shaw's cable and satellite services. Adeia further admits that the IPG Agreement defines the terms "███████████" and "███████████." Except as expressly admitted, Adeia denies the allegations in Paragraph 12 of Shaw's Counterclaims.

13.    Adeia admits that Schedule A of the IPG Agreement provides a non-exhaustive list of certain "███████████," as defined in the IPG Agreement.  Except as expressly admitted, Adeia denies the allegations in Paragraph 13 of Shaw's Counterclaims.

14.    Adeia admits that Section 3.1 of the IPG Agreement recites the following language:

3.1



Except as expressly admitted, Adeia denies the allegations in Paragraph 14 of Shaw's Counterclaims.

15.    Adeia admits that Shaw is obligated to pay certain royalties to Adeia under the IPG Agreement, including, but not limited to, paying monthly license fees as set forth in Schedule B. Except as expressly admitted, Adeia denies the allegations in Paragraph 15 of Shaw's Counterclaims.

16.    Adeia admits that Section 3.2 of the IPG Agreement recites the following language:

3.2





Except as expressly admitted, Adeia denies the allegations in Paragraph 16 of Shaw's Counterclaims.

17.    Adeia admits that Sections 7.2 and 7.3 of the IPG Agreement recite, in part:



Except as expressly admitted, Adeia denies the allegations in Paragraph 17 of Shaw's Counterclaims.

18.    Adeia admits that Section 3.3 of the IPG Agreement recites the following language:



Except as expressly admitted, Adeia denies the allegations in Paragraph 18 of Shaw's Counterclaims.

19.    Adeia admits that, in 2022, claims 346, 456, 459, 720, 721, and 724 of Canadian Letters Patent No. 2,336,870; claims 2, 7, and 8 of Canadian Letters Patent No. 2,337,061; claims 79, 80, 90, and 91 of Canadian Letters Patent No. 2,339,629; claims 1, 5, 13, 14, 41, 45, 53, and 54 of Canadian Letters Patent No. 2,425,482; claims 34, 36, 87, and 127 of Canadian Letters Patent No. 2,514,585; and claims 113, 116, 119, 120, and 123 of Canadian Letters Patent No. 2,730,344

were found to be invalid at the trial court level in Canada in appealable, non-final decisions. All six patents remained valid, with multiple valid claims. Except as expressly admitted, Adeia denies the allegations in Paragraph 19 of Shaw's Counterclaims.

20.    Adeia admits that it appealed such findings of invalidity with respect to the above six claims of the '870 Patent, the above four claims of the '585 Patent, and the above five claims of the '344 Patent.  Adeia further admits that it did not appeal the findings of invalidity with respect to the above three claims of the '061 Patent; the above four claims of the '629 Patent; and the above eight claims of the '482 Patent; and that these three patents remained valid, with a combined total of over four hundred valid claims.  Except as expressly admitted, Adeia denies the allegations in Paragraph 20 of Shaw's Counterclaims.

21.    Adeia admits that, in 2024, the Canadian Federal Court of Appeal affirmed the findings of invalidity with respect to the above six claims of the '870 Patent, the above four claims of the '585 Patent, and the above five claims of the '344 Patent. These three patents likewise remained valid, with a combined total of over one thousand valid claims. Except as expressly admitted, Adeia denies the allegations in Paragraph 21 of Shaw's Counterclaims.

22.    Adeia admits that the IPG Agreement includes a broad patent portfolio license and that Schedule A is a non-exhaustive list of certain "███████████," some of which expired at the end of their statutory terms by 2023.  Except as expressly admitted, Adeia denies the allegations in Paragraph 22 of Shaw's Counterclaims.

23.    Adeia admits that the first time that Shaw requested an updated Schedule A was in Shaw's Counterclaims, and accordingly that Adeia has not yet provided Shaw with an updated Schedule A.  Except as expressly admitted, Adeia denies the allegations in Paragraph 23 of Shaw's Counterclaims.

24.     Adeia admits that on June 12, 2023, Shaw sent Adeia a letter in which Shaw claimed that it was giving notice that the IPG Agreement was being "terminated" and asserted that Shaw would no longer pay any royalties to Adeia.  Except as expressly admitted, Adeia denies the allegations in Paragraph 24 of Shaw's Counterclaims.

25.     Adeia admits that Section 3.5 of the IPG Agreement recites the following language:



Except as expressly admitted, Adeia denies the allegations in Paragraph 25 of Shaw's Counterclaims.

26.     Adeia denies the allegations in Paragraph 26 of Shaw's Counterclaims.

27.     Adeia denies the allegations in Paragraph 27 of Shaw's Counterclaims.

### RESPONSE TO SHAW'S CAUSES OF ACTION

### COUNT I

### (Breach of Contract – Representations and Warranties)

28.     In response to Paragraph 28 of Shaw's Counterclaims, Adeia re-alleges and incorporates by reference its responses to Paragraphs 1 through 27 of Shaw's Counterclaims.

29.     Adeia admits that the IPG Agreement is a valid and enforceable contract between Adeia and Shaw.  Except as expressly admitted, Adeia denies the allegations in Paragraph 29 of Shaw's Counterclaims.

30.     Adeia denies the allegations in Paragraph 30 of Shaw's Counterclaims.

31.     Adeia admits that Sections 7.2 and 7.3 of the IPG Agreement state, in part:

7.2



7.3.

Except as expressly admitted, Adeia denies the allegations in Paragraph 31 of Shaw's Counterclaims, which misquote the IPG Agreement.

32.    The allegations in Paragraph 32 of Shaw's Counterclaims set forth conclusions of law to which no answer is required. To the extent an answer is required, Adeia denies the allegations in Paragraph 32 of Shaw's Counterclaims.

33.    Adeia denies the allegations in Paragraph 33 of Shaw's Counterclaims.

34.    Adeia admits that the IPG Agreement includes a patent portfolio license and that Schedule A is a non-exhaustive list of certain "████████," some of which expired at the end of their statutory terms by 2023.  Except as expressly admitted, Adeia denies the allegations in Paragraph 34 of Shaw's Counterclaims.

35.    Adeia admits that the IPG Agreement defines the term "████████." Except as expressly admitted, Adeia denies the allegations of Paragraph 35 of Shaw's Counterclaims.

36.    Adeia admits that Section 3.2 of the IPG Agreement recites the following:



3.2

Except as expressly admitted, Adeia denies the allegations in Paragraph 36 of Shaw's Counterclaims.

37.     Adeia denies the allegations in Paragraph 37 of Shaw's Counterclaims.

38.     Adeia denies the allegations in Paragraph 38 of Shaw's Counterclaims.

39.     The allegations in Paragraph 39 set forth conclusions of law to which no answer is required.  To the extent an answer is required, Adeia denies the allegations of Paragraph 39.

## COUNT II

### (Breach of Contract – Failing to Provide Updated Schedule A)

40.     In response to Paragraph 40 of Shaw's Counterclaims, Adeia re-alleges and incorporates by reference its responses to Paragraphs 1 through 39 of Shaw's Counterclaims.

41.     Adeia admits that the IPG Agreement is a valid and enforceable contract between Adeia and Shaw.  Except as expressly admitted, Adeia denies the allegations in Paragraph 41 of Shaw's Counterclaims.

42.     Adeia denies the allegations in Paragraph 42 of Shaw's Counterclaims.

43.     Adeia admits that Section 3.1 of the IPG Agreement states:

3.1



Except as expressly admitted, Adeia denies the allegations in Paragraph 43 of Shaw's Counterclaims.

44.     The allegations in Paragraph 44 set forth conclusions of law to which no answer is required.  To the extent an answer is required, Adeia denies the allegations in Paragraph 44 of Shaw's Counterclaims.

45.    Adeia admits that the first time that Shaw requested an updated Schedule A was in Shaw's Counterclaims, and accordingly that Adeia has not yet provided Shaw with an updated Schedule A.  Except as expressly admitted, Adeia denies the allegations in Paragraph 45 of Shaw's Counterclaims.

46.    The allegations in Paragraph 46 set forth conclusions of law to which no answer is required.  To the extent an answer is required, Adeia denies the allegations in Paragraph 46 of Shaw's Counterclaims.

47.    The allegations in Paragraph 47 set forth conclusions of law to which no answer is required.  To the extent an answer is required, Adeia denies the allegations in Paragraph 47 of Shaw's Counterclaims.

48.    The allegations in Paragraph 48 set forth conclusions of law to which no answer is required.  To the extent an answer is required, Adeia denies the allegations in Paragraph 48 of Shaw's Counterclaims.

## COUNT III

### (Declaratory Relief – Shaw Properly Terminated the IPG Agreement)

49.    In response to Paragraph 49 of Shaw's Counterclaims, Adeia re-alleges and incorporates by reference its responses to Paragraphs 1 through 48 of Shaw's Counterclaims.

50.    Adeia admits that it has brought suit against Shaw for breach of contract, and that Shaw purports to assert counterclaims for breach of contract and declaratory judgment.  The remaining allegations in Paragraph 50 set forth conclusions of law to which no answer is required. To the extent an answer is required, Adeia admits that the Court has subject-matter jurisdiction over Shaw's Counterclaims.  Adeia otherwise denies the allegations in Paragraph 50 of Shaw's Counterclaims.

51.    Adeia admits that Shaw purports to request declaratory judgment as to its termination affirmative defense.  Except as expressly admitted, Adeia denies the allegations in Paragraph 51 of Shaw's Counterclaims.

## RESPONSE TO SHAW'S PRAYER FOR RELIEF

Although no answer is required to Shaw's request for relief, Adeia denies all allegations in sub-paragraphs (a) through (d) and further denies that the requested or any relief should be granted to Shaw.

## ADEIA'S DEFENSES

By alleging the defenses set forth below, Adeia does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part, where the law places the applicable burden on Shaw.

### FIRST DEFENSE

Shaw's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, ratification and any similar legal and equitable doctrines.

### THIRD DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by the applicable statutes of limitations and statutes of repose.

### FOURTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by laches.

### FIFTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because Shaw has failed to comply

with its contractual obligations to Adeia.

## SIXTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, under the doctrine of *in pari delicto*.

## EIGHTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because Shaw breached the implied duty of good faith and fair dealing.

## NINTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because Adeia's performance was excused or discharged.

## TENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because any alleged breach by Adeia did not constitute material breach.

## ELEVENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by the voluntary-payment doctrine.

## TWELFTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by the election-of-remedies doctrine.

## THIRTEENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because they contradict and/or are inconsistent with the terms of the IPG Agreement.

## FOURTEENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, for contravening public policy.

### FIFTEENTH  DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because Shaw's alleged damages, if any, are speculative, and/or because of the impossibility of ascertaining the alleged damages.

### SIXTEENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, because Shaw has suffered no damages and/or has failed to mitigate its damages, if any.

### SEVENTEENTH DEFENSE

Shaw's Counterclaims are barred, in whole or in part, by commercial impracticability.

### EIGHTEENTH DEFENSE

Shaw is not entitled to recover attorneys' fees and costs.

### <u>RESERVATION OF RIGHTS</u>

Adeia reserves any and all additional defenses available under the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered. Adeia further reserves the right to amend its Answer to add additional defenses as this case progresses towards trial.

### <u>ADEIA'S PRAYER FOR RELIEF</u>

Adeia respectfully requests a judgment against Shaw as follows:

(a) Judgment in favor of Adeia and against Shaw on each claim;

(b) Damages in an amount to be proven at trial, plus pre-judgment interest, attorneys' fees, and costs; and

(c) Such other and further relief as this Court deems just and proper.

Date:   November 4, 2025    Respectfully submitted,

_____

**IRELL & MANELLA LLP**
**Benjamin Hattenbach** (*pro hac vice*)
Email: bhattenbach@irell.com
**Charlotte J. Wen** (*pro hac vice*)
Email: cwen@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**A. Matthew Ashley** (*pro hac vice*)
Email: mashley@irell.com
**Jie Gao**
Email: jgao@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

**SHAPIRO ARATO BACH LLP**
**Jonathan P. Bach**
Email: jbach@shapiroarato.com
1140 Avenue of the Americas, 17th FL.
New York, NY  10036
Telephone: (212) 257-4880