**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADEIA GUIDES INC.; ADEIA MEDIA SOLUTIONS INC.; and ADEIA MEDIA HOLDINGS LLC,<br><br>     Plaintiffs,<br><br>     v.<br><br>SHAW CABLESYSTEMS G.P.; and SHAW SATELLITE G.P.,<br><br>     Defendants. | No. 1:23-cv-08796-ALC-HJR |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/12/2025
```

## STIPULATED PROTECTIVE ORDER

**A.** **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and respectfully petition this Court to enter the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties acknowledge that, consistent with Rule 6(D) of this Court's Individual Practices, this Stipulated Protective Order does not entitle the parties to file confidential information under seal, and that the parties must obtain leave of the Court before filing any document under seal, including pursuant to Section J of this Order.

**B.**    <u>DEFINITIONS</u>

1.    "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

2.    "CONFIDENTIAL" Material: information (regardless of how it is generated, stored or maintained), documents, and tangible things the Designating Party believes in good faith is not generally known to others, and which (i) is private personal information; or (ii) is information the Designating Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and not appropriate for public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure or state law or any other applicable privilege or right related to confidentiality or privacy.

3.    "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party; (ii) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters; (iii) independent shorthand reporters retained to record and transcribe testimony in connection with this action. "Counsel of Record" does not include any person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

4.    "Designating Party": a Party or Non-Party that designates Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

5.    "Final Disposition": the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    "House Counsel": any employee in a Party's legal department or intellectual property division whose primary responsibilities include overseeing this litigation, who is not a competitive decisionmaker and who is not a Board member. For the avoidance of doubt, an individual is not a competitive decisionmaker solely by virtue of participating in the negotiation of settlement agreements.

7.    "Litigation Manager": an employee in a Party's legal department or intellectual property division whose primary responsibilities include overseeing this litigation and who is not a Board member.  Each side may designate one Litigation Manager, and may substitute its Litigation Manager, with reasonable notice to the other side.

8.    "Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, responses to discovery, or depositions in this matter, (including all copies, abstracts, digests, notes and summaries thereof, as well as any and all information contained therein or derived therefrom) in connection with the Material.

9.    "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

11.    "OUTSIDE COUNSEL EYES ONLY" Material: information (regardless of how it is generated, stored or maintained), documents, and tangible things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or which (iii) constitutes a trade secret or competitively-sensitive technical, marketing, financial, business relationship, market analysis, strategic planning, proprietary, commercially sensitive, or other confidential business information. The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Designating Party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.

12.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

13.    "Producing Party": a Party or Non-Party that produces Material in this action.

14.    "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of "Outside Consultant."

15.    "Protected Material": any Material that is designated as "CONFIDENTIAL," or as "OUTSIDE COUNSEL EYES ONLY."

16.    "Receiving Party": a Party that receives Materials from a Producing Party.

**C.    SCOPE**

17.    The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

18.    Nothing herein changes in any way the discovery provisions of the Federal Rules of Civil Procedure or any deadlines set by the Court.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil

Procedure, the rules of the United States District Court for the Southern District of New York, and the Court's orders applicable to this case.

**D.** **DURATION**

19.    Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**E.** **DESIGNATING PROTECTED MATERIAL**

20.    Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 2, above.  A Designating Party may designate as "OUTSIDE COUNSEL EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 11, above.

21.    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

22.    Designation in conformity with this Order requires:

(a)    For information in documentary form (excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must, for each document that contains Protected Material, affix the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" to each page of the document.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party must specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."  In the case of depositions, the Designating Party may also designate any portion of a deposition

transcript as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" by informing the reporter and the opposing party in writing within thirty (30) calendar days of receipt of the deposition transcript of the designations to be applied. All deposition transcripts not marked during the deposition will nonetheless be treated as "OUTSIDE COUNSEL EYES ONLY" until the thirty (30) day period has expired. Subject to the Court's preferences, the parties will work together to make arrangements for making such designations to exhibits, testimony, and other Material used during hearings, pre-trial proceedings, and during the trial of this case. Parties may modify this procedure for any particular deposition or other pre-trial testimony by written agreement, without further order of the Court.

23.     Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY." The Designating Party shall inform the court reporter of these requirements.

24.     For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**F.    <u>USE OF PROTECTED MATERIAL</u>**

25.     **Use of Protected Material By Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, all Protected Material and all information derived therefrom must be used by the Receiving Party only for purposes of this

litigation and must not be used in any other way whatsoever.  Information contained or reflected in Protected Material must not be disclosed in conversations, presentations (by Parties, Counsel of Record, Professional Vendors, Outside Consultants, or otherwise), in court, or in other settings that might reveal Protected Material, except in accordance with the terms of this Order.

26.    **Use Of Protected Material By Designating Party.**  Nothing in this Order limits any Designating Party's use of its own documents and information, nor prevents the Designating Party from disclosing its own confidential information, documents, or things to any person.  Such disclosure does not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

27.    **Use Of Protected Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which that person has prior knowledge.  In addition:

(a)    a present director, officer, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Protected Material that has been produced by that Party.

(b)    a former director, officer, agent, and/or employee of a Producing Party may be interviewed, may be examined, and may testify concerning all Protected Material of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge that has been produced by that Party and that pertains to the period or periods of his or her prior employment with the Party; and

(c)    non-parties may be examined or testify concerning any document containing Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order must be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must be requested to execute the "Acknowledgment and Agreement To Be Bound" attached hereto as Exhibit A, which requires the attorney to maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such an agreement, such attorney cannot be shown Protected Material and cannot be present during questioning relating to the Protected Material.

**G.**    **ACCESS TO PROTECTED MATERIAL**

28.    **CONFIDENTIAL Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Counsel of Record;

(b)    Outside Consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and "Certification of Outside Consultant" (Exhibit B);

(c)    House Counsel;

(d)    Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit C prior to any disclosure;

(e)    this Court in the above-captioned litigation and its personnel;

(f)    court reporters and their staff;

(g)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    witnesses of the Producing Party at deposition and/or trial in this action, to whom disclosure is reasonably necessary;

(i)    persons who appear on the face of Protected Material as an author, addressee, or recipient thereof, provided, however, that no one may show Protected Material to an ex-employee of a Producing Party without first notifying the Producing Party and providing the Producing Party with an opportunity to object prior to such disclosure.

29.    **OUTSIDE COUNSEL EYES ONLY Material**: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a)    Counsel of Record;

(b)    Outside Consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and "Certification of Outside Consultant" (Exhibit B), except as set forth below in Section H.

(c)    this Court in the above-captioned litigation and its personnel;

(d)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    witnesses of the Producing Party at deposition and/or trial in this action, to whom disclosure is reasonably necessary;

(f)    persons who appear on the face of Protected Material as an author, addressee, or recipient thereof, provided, however, that no one may show Protected Material to an ex-employee of a Producing Party without first notifying the Producing Party and providing the Producing Party with an opportunity to object prior to such disclosure.

30.    Each person to whom Protected Material may be disclosed, and who is required to sign the "Acknowledgment and Agreement To Be Bound" attached hereto as Exhibit A, or the "Certification Of Outside Consultant" attached hereto as Exhibit B, must do so prior to the time such Protected Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Protected Material must retain each original executed certificate and, upon written request, must provide copies to counsel for all other Parties at Final Disposition of this action.

31.    At the request of the Designating Party, persons not permitted access to Protected Material under the terms of this Protective Order must not be present at depositions while the Designating Party's Protected Material is discussed or otherwise disclosed. Pre-trial and trial proceedings must be conducted in a manner, subject to the supervision of the Court, to protect Protected Material from disclosure to persons not authorized to have access to such Material.

**H.**    ACCESS BY OUTSIDE CONSULTANTS

32.    If an Outside Consultant, at any time after executing the "Certificate of Outside Consultant" (Exhibit B) and during the pendency of the litigation, becomes or anticipates becoming an employee of a Party or a Party's competitor, or a consultant for a Party's competitor, such Outside Consultant must promptly inform counsel for the Party that retained them, and may not review any Protected Material unless and until the Parties agree or the Court orders otherwise.  In addition, upon learning that its retained Outside Consultant has become or anticipates becoming an employee of a Party or a Party's competitor, or a consultant for a Party's competitor, a Receiving Party must, within one business day, notify in writing the Designating Party of the Outside Consultant's changed employment or anticipated employment.

33.    If an Outside Consultant's retention for the purposes of this litigation terminates for any reason, including prior to Final Disposition, the Outside Consultant must, within 30 days of such termination, destroy or return all Protected Material to the Designating Party.  The Receiving Party that retained the former Outside Consultant must submit a written confirmation of the return or destruction to the Designating Party by the 30-day deadline; and must, upon written request, provide copies of the former Outside Consultant's executed Protective Order certificates to the Designating Party.

**I.**    FAILURE TO DESIGNATE

34.    An inadvertent failure to designate qualified information, documents, or things as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the Material is to be designated as "CONFIDENTIAL" or

"OUTSIDE COUNSEL EYES ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party must provide substitute copies of documents bearing the confidentiality designation. Any Receiving Party must also make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification to the Receiving Party of the inadvertent failure to designate and who is no longer permitted to access the documents under the new designation.

**J.    FILING PROTECTED MATERIAL**

35.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, but may seek to file under seal or with redactions any such Protected Material in conformance with the Court's rules and procedures. Protected Material sought to be filed under seal must include a cover page bearing the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER" or "OUTSIDE COUNSEL EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER," as appropriate.

**K.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

36.    The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY." Nothing in this Order prevents a Receiving Party from contending that any or all information, documents, or things designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" Material have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein, subject to the procedure in Paragraph 37, below.

37.    A Party is not obligated to challenge the propriety of a "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" designation at the time made, and the failure to do so does not preclude a subsequent challenge thereto.  Such a challenge must be written and served on counsel for the Producing Party, and must particularly identify by Bates number and set forth for each document the specific reason the Receiving Party believes the designation is improper for the document that the Receiving Party contends should be designated differently. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. If a Receiving Party challenges a confidentiality designation of a Producing Party, the Receiving Party will treat the document(s) subject to the challenge according to the terms of the Producing Party's original confidentiality designation until the challenge is resolved. The Parties must use their best efforts to resolve such disputes promptly and informally. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring by telephone (voicemail messages are insufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Receiving Party may request that the Court cancel or modify a "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" designation. Until the Court rules on the challenge, all parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation.

**L.**      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

38.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**M.**      NON-PARTY USE OF THIS PROTECTIVE ORDER

39.      A Non-Party producing Material voluntarily or pursuant to a subpoena or court order may designate such Material or information in the same manner and will receive the same level of protection under this Protective Order as any Party to this lawsuit.  Non-parties must use reasonable care when designating documents or information as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY." Nothing in this Order prevents a Receiving Party from contending that any or all information, documents, or things designated as "CONFIDENTIAL" Material and/or "OUTSIDE COUNSEL EYES ONLY" Material have been improperly designated.  The procedure for challenging a nonparty's confidentiality designations will be the same procedure as set forth in Section K, above.

40.      A Non-Party's use of this Protective Order to protect its Material does not entitle that Non-Party access to "CONFIDENTIAL" Material or "OUTSIDE COUNSEL EYES ONLY" Material produced by any Party in this case.

**N.**      OTHER PROCEEDINGS

41.      By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be

relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" pursuant to this Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

42.    Specifically, if a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information, documents, or things designated in this action as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY," the Receiving Party must:

(a)    promptly notify in writing the Designating Party (by email or courier such as FedEx) as soon as reasonably possible, and in any event before any compliance under such subpoena or Court order is requested or required. Such notification shall include a copy of the subpoena or court order;

(b)    immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Material covered by the subpoena or order is subject to this Protective Order, which notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

43.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**O.    EXPORT CONTROL**

44.    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**P.    FINAL DISPOSITION**

45.    Within 60 days after the Final Disposition of this action, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, briefs and supporting materials, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), written discovery requests and responses, any documents or materials filed or used in court, legal memoranda, correspondence, exhibits offered or introduced into evidence at trial, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Counsel of Record may also retain an archival copy of attorney work

product found in e-mail. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**Q.    MISCELLANEOUS**

46.    Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

47.    By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

48.    The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material produced under the protection of this Protective Order will be resolved by the United States District Court for the Southern District of New York. Every individual who receives any Protected Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

49.    Every individual who reviews Protected Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 10, 2025                    Respectfully submitted,


**IRELL & MANELLA LLP**
**Benjamin Hattenbach** (*pro hac vice*)
Email: bhattenbach@irell.com
**Charlotte J. Wen** (*pro hac vice*)
Email: cwen@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**A. Matthew Ashley** (*pro hac vice*)
Email: mashley@irell.com
**Jie Gao**
Email: jgao@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile:      (949) 760-5200

**SHAPIRO ARATO BACH LLP**
**Jonathan P. Bach**
Email: jbach@shapiroarato.com
1140 Avenue of the Americas, 17th FL.
New York, NY  10036
Telephone: (212) 257-4880

*Attorneys for Plaintiffs Adeia Guides Inc.,*
*Adeia Media Solutions Inc., and Adeia Media*
*Holdings LLC*

DATED: November 6, 2025                By: /s/ *Henninger S. Bullock*
                                       Henninger S. Bullock
                                       hbullock@mayerbrown.com
                                       Richard A. Spehr
                                       rspehr@mayerbrown.com
                                       Victoria F. Lowry
                                       vbell@mayerbrown.com
                                       MAYER BROWN LLP
                                       1221 Avenue of the Americas
                                       New York, NY 10020
                                       Tel: 212-506-2500

                                       *Attorneys for Defendants Shaw Cablesystems*
                                       *G.P. and Shaw Satellite G.P*

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: November 12, 2025

        New York, New York

                                       _____
                                       Henry J. Ricardo
                                       United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**


I, _____ [print or type full name] state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I have been informed of and have reviewed the Stipulated Protective Order entered

in the matter of *Adeia Guides Inc. v. Shaw Cable Systems GP*, Case No. 1:23-cv-08796 in

the United States District Court for the Southern District of New York and I will not divulge

any information, documents, or things that are subject to the Protective Order except in

accordance with the provisions of the Order;

5.      I agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

6.      I state under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.


        Executed on _____, 20__.      _____

                                                                        Signature

## **EXHIBIT B**

## **CERTIFICATION OF OUTSIDE CONSULTANT**

I, _____, state:

1.      I have read the Protective Order ("Order") in the matter of *Adeia Guides Inc. v. Shaw Cable Systems GP*, Case No. 1:23-cv-08796, and understand and will abide by its terms.

2.      I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor.

3.      If at any time after I execute this Certificate of Outside Consultant and during the pendency of the litigation I become an employee of a Party or a Party's competitor, I will promptly inform the counsel for the Party who retained me in this litigation.  I will not thereafter review any Protected Materials unless and until the Parties agree or the Court orders otherwise.

4.      I will not use any Protected Material for any purpose other than this litigation.

5.      I agree to be subject to the authority of the District Court of the Southern District of New York in the event of any dispute related to this certification.

6.      I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.


        Executed on _____, 20__.        _____

                                                                                    Signature

**EXHIBIT C**

**LITIGATION MANAGER ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1.      I reside at _____.

2.      My present employer is _____.

3.      My present job title is _____.

4.      I have read the Protective Order ("Order") in the matter of *Adeia Guides Inc. v. Shaw Cable Systems GP*, Case No. 1:23-cv-08796, and understand and will abide by its terms.

5.      I meet the Order's requirements for a Litigation Manager.

6.      My job responsibilities include negotiating, drafting, and otherwise managing intellectual property agreements and licenses on behalf of my employer.  I will not use any Protected Material in connection with any such responsibilities.

7.      I will not use any Protected Material for any purpose other than this litigation. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use Protected Material in any manner not expressly allowed by the Order.

8.      I agree to be subject to the authority of the District Court of the Southern District of New York in the event of any dispute related to this agreement.

9.      I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on _____, 20__ .        _____

                                                                                            Signature