**January 27, 2026**

**VIA ECF**

Hon. Henry J. Ricardo
United States District Court Southern District
of New York
500 Pearl Street, Room 21D
New York, NY 10007

      Re:    <u>*Adeia Guides Inc. v. Shaw Cablesystems G.P.*</u>
              <u>Case No. 1:23-cv-08796-ALC-HJR</u>
              <u>Joint Status Letter</u>

Dear Judge Ricardo:

Pursuant to the Court's October 29, 2025 Case Management Plan and Scheduling Order (Doc. No. 76), Plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC and Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. (together, "the Parties") hereby submit this joint status letter.

1. **The nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

The Parties respectfully refer the Court to the October 29, 2025 Case Management Plan and Scheduling Order (Doc. No. 76) for the Parties' statements on the nature of the case and summary of claims, defenses, and relevant issues.

The major legal and factual issues that may prove important in this case include: (1) whether Defendants breached the IPG Agreement by failing to report and pay for Shaw subscribers after March 1, 2023; (2) whether Defendants breached the IPG Agreement by failing to report and pay for Rogers subscribers under the IPG Agreement after the Shaw-Rogers merger; (3) the amount of damages owed by Defendants for any such breach; (4) whether Defendants properly terminated the IPG Agreement; (5) whether Plaintiffs breached the IPG Agreement pursuant to Sections 3.1, 3.2, and 7.2; and (6) the amount of damages owed by Plaintiffs for any such breach. Other important issues may emerge as the case develops.

2. **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, and (ii) pending motions;**

There are no outstanding motions at this time, although the Parties are meeting and conferring regarding multiple discovery disputes. The Parties each anticipate moving for summary judgment at the conclusion of discovery.

Hon. Henry J. Ricardo
January 27, 2026
Page 2

> **3. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under Federal Rules of Evidence and material to proof of the claims and defenses raised in the pleadings.**

Fact discovery is ongoing, as described in more detail below. At this time, neither party has served interrogatories or requests for admission, and no depositions have been noticed.

- **Initial Disclosures**

The Parties exchanged initial disclosures on February 9, 2024. Defendants have since supplemented their initial disclosures on November 12, 2025 and December 1, 2025. Plaintiffs anticipate supplementing their initial disclosures by the end of February.

- **Requests for Production of Documents**

The Parties continue to meet and confer regarding the appropriate scope of discovery for the Parties' respective claims and defenses. The Parties are conferring as to whether Shaw has the burden to show that it had the right to "terminate this [IPG] Agreement prior to the expiration of the term," including its contention that the "IPG Patents that apply to the Licensee IPGs" have been invalidated. *See* (Shaw's Answer & Counterclaims) ¶¶ 17–24. Defendants believe that which party has the burden of proof is not an appropriate consideration in determining the scope of discovery which instead hinges on whether information is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

Plaintiffs served a first set of requests for production of documents on March 15, 2024, and Defendants responded on April 15, 2024. The Parties have been meeting and conferring regarding Defendants' responses. Defendants have proposed conducting custodial discovery responsive to Plaintiffs' requests using keywords and search terms, which the Parties have been negotiating since May 2024, prior to the Court's denial of Shaw's motion to dismiss Adeia's claims as to both Shaw and Rogers subscribers; Plaintiffs are considering Defendants' latest proposal, which Defendants sent to Plaintiffs on November 21, 2025.

With respect to non-custodial discovery, to date, Defendants have produced 91 non-custodial documents, consisting of royalty reports that Defendants submitted to Plaintiffs from September 2015 to March 2023. Although Defendants contend that custodial discovery will capture the remaining relevant documents and communications that are subject to Plaintiffs' document requests, Plaintiffs believe that Defendants have failed to describe their efforts to assess whether additional sources of non-custodial materials exist—for example, as to agreements between Shaw and Rogers; or as to subscriber information kept in the ordinary course of business during the period where Shaw failed to make payments under the contract—let alone supplement their responses to specify "whether any responsive materials are being withheld" and on what basis, as required by Fed. R. Civ. P. 34(b)(2). Defendants believe that after their custodial review and production, they can consider whether any responsive documents might be missing from the production. To the extent that Defendants continue to take the position that its keyword proposal and bare discovery responses meet its discovery obligations, Plaintiffs intend to move to compel. As Defendants have now

Hon. Henry J. Ricardo
January 27, 2026
Page 3

repeatedly reiterated to Plaintiffs, including in their November 21, 2025 letter and again during the Parties' January 13, 2026 meet and confer, Defendants remain ready to produce documents subject to Plaintiffs' agreement on the search terms, custodians, and timeframe proposed in Defendants' November 21 letter.

Defendants served a first set of requests for production of documents on November 20, 2025. Plaintiffs responded on December 22, 2025, and produced over 1,000 documents on December 27, 2025, including patent ownership and assignment records, and documents relating to Plaintiffs' Canadian patent litigations. Each of those documents came from non-custodial sources, because Plaintiffs have not limited and do not intend to limit their discovery efforts only to documents that reflect particular keywords from particular custodians. The Parties met and conferred regarding numerous issues on January 13, 2026, including whether and how Plaintiffs will use search terms to collect documents responsive to Defendants' requests. During that meet and confer, and notwithstanding Plaintiffs' insistence that Defendants disclose greater information concerning their document collection efforts, Plaintiffs stated for the first time that no exchange of search terms is necessary or required absent party agreement or ESI order, and that Plaintiffs will use their "best efforts" to collect and produce documents as required by the Federal Rules of Civil Procedure. The Parties will continue to meet and confer on this issue, but, given the expansive timeframe at issue and the large number of individuals relevant to the litigation, Defendants may need to move to compel this information.

   4. **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

No settlement discussions have taken place since the Case Management Conference. Plaintiffs have expressed their willingness to engage in either mediation or business-to-business discussions since November 2025. Defendants previously communicated in November 2025 that they are open to private mediation. The Parties have not otherwise engaged with any potential settlement discussions. The Parties do not request a settlement conference at this time.

Respectfully submitted,

*/s/ Henninger S. Bullock*
**MAYER BROWN LLP**
**Henninger S. Bullock**
hbullock@mayerbrown.com
**Richard A. Spehr**
rspehr@mayerbrown.com
**Victoria F. Lowry**
vbell@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 8490-5528

***Attorneys for Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P.***

**IRELL & MANELLA LLP**
**Benjamin Hattenbach** (*pro hac vice*)
Email: bhattenbach@irell.com
**Charlotte J. Wen** (*pro hac vice*)
Email: cwen@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**A. Matthew Ashley** (*pro hac vice*)
Email: mashley@irell.com
**Jie Gao**
Email: jgao@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

**SHAPIRO ARATO BACH LLP**
**Jonathan P. Bach**
Email: jbach@shapiroarato.com
1140 Avenue of the Americas, 17th FL.
New York, NY 10036
Telephone: (212) 257-4880

***Attorneys for Plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC***

cc: Counsel of Record