**March 30, 2026**

**VIA ECF**

Hon. Henry J. Ricardo
United States District Court Southern District
of New York
500 Pearl Street, Room 21D
New York, NY 10007

   Re: *Adeia Guides Inc. v. Shaw Cablesystems G.P.*
      Case No. 1:23-cv-08796-ALC-HJR
      Joint Status Letter

Dear Judge Ricardo:

Pursuant to the Court's January 29, 2026 Order (Doc. No. 86), Plaintiffs Adeia Guides Inc., Adeia Media Solutions Inc., and Adeia Media Holdings LLC and Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. (together, "the Parties") hereby submit this joint status letter.

1. **The nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

The Parties respectfully refer the Court to the October 29, 2025 Case Management Plan and Scheduling Order (Doc. No. 76), and the Parties' January 27, 2026 Status Letter (Doc. No. 85) for the Parties' statements on the nature of the case and summary of claims, defenses, and relevant issues.

2. **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, and (ii) pending motions;**

There are no outstanding motions at this time, although the Parties are meeting and conferring regarding multiple discovery disputes. The Parties each anticipate moving for summary judgment at the conclusion of discovery.

3. **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under Federal Rules of Evidence and material to proof of the claims and defenses raised in the pleadings.**

Fact discovery is ongoing, as described in more detail below.  At this time, neither party has served requests for admission, and no depositions have been noticed.

Hon. Henry J. Ricardo
March 30, 2026
Page 2

- **<u>Initial Disclosures</u>**

The Parties exchanged initial disclosures on February 9, 2024. Defendants have since supplemented their initial disclosures on November 12, 2025 and December 1, 2025. Plaintiffs supplemented their initial disclosures on February 27, 2026, and anticipate supplementing further as discovery continues.

- **<u>Requests for Production of Documents ("RFPs")</u>**

The Parties continue to meet and confer regarding the appropriate scope of discovery for the Parties' respective claims and defenses. Defendants have produced over 90 non-custodial documents and anticipate starting their rolling custodial productions by April 30. Since the January 27, 2026 Status Letter, Plaintiffs have produced over 2,000 additional non-custodial documents.

Plaintiffs served a first set of RFPs on March 15, 2024, about which the Parties have been meeting and conferring. The Parties have agreed to collect and produce documents from non-custodial and custodial sources simultaneously and on a rolling basis.

Plaintiffs served a second set of RFPs on February 20, 2026. Plaintiffs are reviewing Defendants' responses, served March 23, 2026.

Defendants are reviewing Plaintiffs' March 23, 2026 response to Defendants' March 12, 2026 discovery letter regarding Plaintiffs' RFP responses. Defendants plan to meet and confer with Plaintiffs to discuss any additional issues.

Plaintiffs' position is that Defendants have not raised any meritorious objections to Plaintiffs' RFP responses. Plaintiffs remain willing to confer with Defendants regarding any purported issues.

- **<u>Interrogatories</u>**

The Parties have each served one set of initial interrogatories.

**Plaintiffs' Position:** As permitted under L.R. 33.3, Plaintiffs propounded interrogatories requesting information about Defendants' computation of their claimed damages, as well as identification of relevant documents. Defendants' responses, served March 23, 2026, fail to provide either.

**Adeia's Interrogatory Regarding Damages:** Defendants offered only that "Shaw requires further discovery from Adeia to set forth a complete basis for its damages. Shaw also expects that subjects relating to damages will be addressed by experts whose opinions will be identified and disclosed in accordance with the Federal Rules and the Court's schedule for expert discovery." But Shaw chose to file counterclaims on October 14, 2025 seeking "[d]amages in an amount to be proven at trial." Dkt. 70. Shaw therefore must have *some* basis for its damages demand, and must disclose that basis now so that Adeia can seek relevant fact discovery.

Hon. Henry J. Ricardo
March 30, 2026
Page 3

**Adeia's Interrogatories Seeking Identification Of Relevant Documents:** Defendants only provided the following statement: "Shaw refers Adeia to Shaw's forthcoming productions and the individuals and categories of documents listed in its supplemental initial disclosures dated December 1, 2025." This response is deficient at least because Shaw has failed to make ***any*** production of documents relevant to Adeia's requests, and the categories of documents listed in its Initial Disclosures are so broad as to equate to no identification at all. Adeia has produced thousands of documents to date, whereas Shaw has produced next to nothing. Shaw cannot continue delaying its production and refusing to answer interrogatories on the basis of a purported production that has yet to come over two years after Adeia's document requests were served.

Adeia is still investigating Shaw's recent discovery responses and will be seeking to meet and confer with Shaw regarding the above deficiencies, but expects it may need to move to compel if Shaw does not agree to provide timely responses. Adeia raised these issues with Defendants on March 25, 2026, including an offer to meet and confer, but have not received a response to date.

Plaintiffs disagree with Defendants' contention below that the issues noted herein are not ripe to discuss in this joint status letter. Plaintiffs intend to keep the Court appraised of the Parties' ongoing discovery efforts, including any potential disputes that may arise. Plaintiffs have been and will continue to confer with Defendants regarding any of Defendants' discovery deficiencies before seeking relief from the Court.

Defendants raise certain purported issues regarding Plaintiffs' Interrogatory Responses below. Defendants did not raise any of these issues with Plaintiffs before sending their draft edits to this joint status letter. As an initial matter, Defendants did not serve any Interrogatory on Plaintiffs seeking a computation of damages. Rather, Defendants served an Interrogatory requesting identification of a knowledgeable witness, which Plaintiffs provided. Plaintiffs further explained in their response that Plaintiffs' damages will be "based at least in part on . . . Defendants' subscribers, and Defendants' IPG Products provided to those subscribers" but Defendants still have not produced such information." Defendants provided no such description of their purported damages. Plaintiffs expect to provide a more fulsome response should Defendants actually raise any of these issues in the discovery process.

**Defendants' Position:** As permitted under L.R. 33.3, Defendants propounded interrogatories requesting information about (a) the computation of Plaintiffs' claimed damages, as well as the identification of relevant documents, and (b) the names of witnesses with knowledge of information relevant to the subject matter of the action. Plaintiff's responses, served March 20, 2026, are without merit.

It is Defendants' position that Plaintiffs' statements regarding Defendants' interrogatory responses are hypocritical, have no merit, and are not yet ripe for the Court's review or appropriate to include in this joint letter. Defendants only received a letter from Plaintiffs regarding their interrogatory responses on March 25 (three business days before the deadline to submit this joint letter). Given that Defendants have not had sufficient time to respond to Plaintiffs' letter, and the Parties have not had a chance to meet and confer regarding the above alleged deficiencies, Defendants do not believe that it is appropriate to include in this joint letter, and the only reason to do so is to prejudice

Hon. Henry J. Ricardo
March 30, 2026
Page 4

Defendants. As to claims that Defendants did not raise any issues with Plaintiffs' Interrogatory responses before sending their draft edits to this joint status letter, Defendants only did so in response to Plaintiffs' premature raising of purported issues regarding Defendants' Interrogatory Responses in this letter. As shared directly with Plaintiffs, Defendants believe that the Parties can work through these issues outside of the Court's view.

In any event, while Plaintiffs take issue with Shaw's interrogatory responses regarding damages, which stated that "Shaw requires further discovery from Adeia to set forth a complete basis for its damages" and expects that "subjects related to damages will be addressed by experts," Plaintiffs similarly refused to provide any information regarding their damages calculations, objecting that Shaw's interrogatory is an "improper" "contention interrogatory," which is not appropriate at this stage of discovery. Additionally, Adeia similarly stated that it expects to calculate damages based on discovery from Shaw and objected to "Defendants' improper attempt to prematurely seek expert discovery." Plaintiffs simply cannot have it both ways.

Regarding Plaintiffs' contention that Defendants' other interrogatory responses are deficient, Adeia's interrogatory responses fare no better. Indeed, in response to many of Shaw's interrogatories requesting the identification of witnesses with relevant information, Adeia claims its investigation remains ongoing or points to the two individuals Adeia has thus far identified in its Rule 26(a) disclosures. By contrast, although Shaw did refer Adeia to its forthcoming document productions, it also pointed to its supplemental Rule 26(a) disclosures, which identified <u>thirteen individuals with relevant information</u>. Shaw continues to find it inconceivable that Adeia can only identify two individuals with relevant information, especially considering that Adeia asked Shaw to run the names of various Adeia employees as search terms and disclosed to Shaw that it is using additional custodians beyond those listed in Adeia's disclosures.

Finally, Shaw is not moved by Adeia's proclamation that it "has produced thousands of documents to date," as Adeia has only produced largely public patent documents and illegible screengrabs of Shaw's public website—all of which are well-known to both Parties and none of which shed additional light on the dispute.

Defendants remain willing to meet and confer regarding these issues, and requests that Plaintiffs agree to do so before prematurely and inefficiently raising discovery issues before the Court in the future.

4. **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

The Parties are engaged in business-to-business communications regarding potential settlement. The Parties remain willing to engage in either mediation or continued business-to-business discussions. The Parties do not request a settlement conference at this time.

Hon. Henry J. Ricardo
March 30, 2026
Page 5


Respectfully submitted,

IRELL & MANELLA LLP

**Benjamin Hattenbach** (*pro hac vice*)
Email: bhattenbach@irell.com
**Charlotte J. Wen** (*pro hac vice*)
Email: cwen@irell.com
**Jordan Nafekh** (*pro hac vice*)
Email: jnafekh@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*/s/ Henninger S. Bullock*
**MAYER BROWN LLP**
**Henninger S. Bullock**
hbullock@mayerbrown.com
**Richard A. Spehr**
rspehr@mayerbrown.com
**Victoria F. Lowry**
vbell@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 8490-5528

**A. Matthew Ashley** (*pro hac vice*)
Email: mashley@irell.com
**Jie Gao**
Email: jgao@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

***Attorneys for Defendants Shaw
Cablesystems G.P. and Shaw
Satellite G.P.***

**SHAPIRO ARATO BACH LLP**
**Jonathan P. Bach**
Email: jbach@shapiroarato.com
1140 Avenue of the Americas, 17th FL.
New York, NY  10036
Telephone: (212) 257-4880

***Attorneys for Plaintiffs Adeia Guides Inc.,
Adeia Media Solutions Inc., and Adeia Media
Holdings LLC***

cc:      Counsel of Record