**June 29, 2026**

**VIA ECF**

Hon. Henry J. Ricardo
United States District Court Southern District
of New York
500 Pearl Street, Room 21D
New York, NY 10007

      Re:    *Adeia Guides Inc. v. Shaw Cablesystems G.P.*
               Case No. 1:23-cv-08796-ALC-HJR
               Joint Status Letter

Dear Judge Ricardo:

Pursuant to the Court's Order at Dkt. 94, the Parties submit this joint status letter.

1. **The nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case.**

The Parties refer the Court to the October 29, 2025 Case Management Plan and Scheduling Order (Doc. No. 76), and the Parties' January 27, 2026 Status Letter (Doc. No. 85) for the Parties' statements on the nature of the case and summary of claims, defenses, and relevant issues.

2. **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, and (ii) pending motions.**

There are no outstanding motions at this time.

3. **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under Federal Rules of Evidence and material to proof of the claims and defenses raised in the pleadings.**

Fact discovery is ongoing. At this time, neither party has served requests for admission.

      A.  Depositions

**Plaintiffs' Position**: Plaintiffs served 30(b)(6) notices on Defendants Shaw Cablesystems G.P. and Shaw Satellite G.P. on June 5, 2026. Defendants have not responded.

Defendants list 13 witnesses on their Initial Disclosures who are "Current or Former employees who may have knowledge relating to Shaw's claims and defenses." Defendants have not indicated whether they intend to call all 13 witnesses at trial. Plaintiffs proposed a stipulation under which the Parties would exchange preliminary trial witness lists during discovery and agree to work together to schedule the depositions of any witness listed thereon, to ensure both sides a fair opportunity to depose any trial witnesses. Defendants declined Plaintiffs' proposal. Plaintiffs will continue trying to work with Defendants to schedule depositions, but may need to seek relief

Hon. Henry J. Ricardo
June 29, 2026
Page 2

from the Court, potentially including an increase in the number of depositions that can be taken, if Defendants do not cooperate.

Defendants below make misguided assertions about Plaintiffs' document production. Plaintiffs have repeatedly explained to Defendants over multiple meet and confers spanning several months what the scope of Plaintiffs' production would include, and why certain categories of documents Shaw requests are irrelevant to this case and would not be produced. Shaw has also yet to seek a single deposition or serve a 30(b)(6) notice. It is Shaw, not Adeia, that refused to produce documents for *years*, and there is no reason Shaw cannot proceed on the current schedule.

**Defendants' Position**: The current schedule anticipates that all fact discovery shall be completed by September 28, 2026. Although Shaw has always been prepared to proceed on this schedule, Adeia's delayed document productions hamper Shaw's ability to meaningfully conduct depositions. For example, despite Adeia's agreement to commence rolling productions by April 30 and its aggressive push for Shaw to produce documents earlier this year, Adeia only made two productions in April, largely consisting of documents already in Shaw's possession (i.e., excluding relevant, internal communications). Adeia only committed to making a production of additional communications after the conference with the Court on May 28, and only then by the date the Court set for substantial completion (June 18). Adeia failed to make its production by June 18, claiming "technical issues" with its production. When Adeia finally made its production of long-awaited internal communications on June 19, it consisted of approximately 822 documents—over half of which appear to be communications with Shaw or Rogers employees. Given the expansive time period for this matter, Shaw doubts that Adeia's production sufficiently responded to Shaw's document requests and is substantially complete as Adeia has represented. In addition, Adeia has failed to sufficiently search for custodial documents related to the validity or invalidity of patents in its portfolio that are covered by agreement at issue and refuses to engage with Shaw to come up with search terms it may run to find such documents. Finally, Adeia refuses to engage in discovery related to which patents Adeia believes are used by or apply to Shaw's IPGs. Given these outstanding issues, Shaw doubts that it will be able to complete depositions by September 28.

As to the referenced stipulation, Adeia proposed a stipulation under which the Parties would exchange preliminary trial witness lists by July 1 and requested that Shaw respond to its proposal by June 18—***before*** Adeia had substantially completed its document production. Shaw is open to negotiating such a stipulation once it has had time review Adeia's production and litigate any gaps in Adeia's production.

### B. Initial Disclosures

The Parties exchanged initial disclosures on February 9, 2024. Both parties have since supplemented and are discussing additional potential supplementation.

### C. Requests for Production of Documents

**Plaintiffs' Position**: Plaintiffs' document production is substantially complete. Plaintiffs have produced over 76,000 pages of documents, and anticipate making additional small productions in the coming days. As the Court noted at the May 28, 2026 hearing, "because this is a question of

Hon. Henry J. Ricardo
June 29, 2026
Page 3

what royalty Shaw has to pay, the bulk of the discovery is going to come from them."  Dkt. 106 at 13:18-22.

Adeia continues to review Shaw's production, but notes that it appears to largely consist of irrelevant documents produced in an apparent attempt to inflate the total page count.  As just one example, Shaw has produced documents that appear to be summaries of Video-On-Demand purchases.  Whether or not a particular customer purchased "WWE: Hell In A Cell 2015 Rogers Media Event" has no relevance to this case.  As another example, Shaw has produced many pages of documents that simply list Shaw's various payments to various cable channels.  There are many more examples.

Shaw has yet to complete its production of subscriber information or technical documents relating to its IPGs, which are critical to the issues underlying this case.  Shaw represents it is "investigating" these requests.  Adeia reserves the right to seek relief from the Court if Shaw continues to delay this production.

Adeia is in the process of preparing a privilege log which it will serve when finished.  At no point before June 18 did Shaw discuss the timing of an exchange of privilege logs with Adeia.

**Defendants' Position**: Shaw's document production is substantially complete.  Shaw has made 12 productions containing over 520,000 pages of documents.  Shaw produced the vast majority of the subscriber information requested at the May 28 Court conference on June 16 and June 18, respectively.  Adeia has since requested the data underlying the spreadsheets containing the subscriber information and Shaw is investigating this request.  Shaw is also investigating the collection and production of technical documents related to its IPGs that are subject to the agreement at issue from non-custodial locations.

For the reasons explained *supra* 3A (Defendants' Position), Shaw doubts that Adeia's document production is substantially complete given (1) the low volume of documents produced and (2) Adeia's failure to search for documents targeting the validity or invalidity of patents that are covered under the agreement at issue.  Shaw has asked Adeia to run search terms targeting patent validity, but Adeia has refused to do so, citing a supposed burden.  Shaw asked Adeia to run a search term hit report substantiating the supposed burden and propose narrowed search terms.  Adeia has not agreed to do either.  Shaw reserves the right to challenge Adeia's document production after Shaw has reviewed it in full.  Additionally, Adeia is advising Shaw, for the first time in this joint letter, that it is making further document productions—two weeks after the substantial completion deadline.

Finally, Adeia has not yet provided a privilege log to Shaw in accordance with S.D.N.Y. Local Civil Rule 26.2, which further demonstrates that its production is not substantially complete.

Adeia claims that Shaw's production "largely consists of irrelevant documents."  But Adeia propounded expansive discovery requests relating to the functionality of Shaw's products, among many other topics.  Adeia cannot now complain that Shaw produced documents responsive to its requests that it may believe are irrelevant.

Hon. Henry J. Ricardo
June 29, 2026
Page 4

D.  <u>Interrogatories</u>

**Plaintiffs' Position**: Defendants continue to refuse to provide sufficient responses to Plaintiffs' Interrogatories.   Plaintiffs received Defendants' responses to Plaintiffs' Second Set of Interrogatories on June 22, 2026.  Here again, Defendants flatly refused to answer key questions. As just one example:

- **Interrogatory No. 8:** Separately for each Patent identified in Schedule A and updates thereto, Set Forth The Complete Basis For Your position that such Patents do not apply to the licensee IPGs under the Agreement.
    - **Shaw Response**: Shaw declines to respond further to this Interrogatory.

Plaintiffs will confer with Defendants regarding these non-responses, and will seek relief from the Court should Defendants continue to refuse to respond.

**Defendants' Position**: Shaw served its first set of interrogatories on February 18, 2026, and Adeia responded on March 20, 2026.  Adeia's responses are deficient, including for their failure to identify individuals with knowledge as to which patents apply to the Shaw's IPGs (interrogatory no. 3).  Additionally, in its responses and objections, Adeia frequently declined to respond based on Shaw's purported "discovery failures" and Adeia's "ongoing" investigation into the facts.  Given that Shaw has substantially completed its document production (and apparently so has Adeia), Adeia should be able to supplement its responses to Shaw's interrogatories.

Adeia served two sets of interrogatories.  Many of Adeia's interrogatories are improper under S.D.N.Y. Local Civil Rule 33.3 and Federal Rule of Civil Procedure 33 (among other reasons).  Shaw has attempted to compromise with Adeia regarding its first set of interrogatories but maintains that many are improper.

Regarding Adeia's second set of interrogatories, Adeia prematurely and improperly raises these issues before the Court.  To be clear, the parties have not yet met and conferred regarding Shaw's responses.  But, as an initial matter, the interrogatories Adeia references above are improper on their face given that they seek responses for "each Patent" (there are over 370 patents for which Adeia seeks responses) and for "each affirmative defense" (there are 18 affirmative defenses).  Under Federal Rule of Civil Procedure 33(a)(1), Adeia may not serve "more than 25 written interrogatories, including all discrete subparts."  The above-referenced interrogatories are improper for additional reasons specified in Shaw's responses and objections, which Adeia fails to include in its characterization of the issue.  Shaw is willing to meet and confer with Adeia regarding its responses.

4.  **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

The Parties had business-to-business communications regarding potential settlement, to no avail. The Parties remain willing to engage in either mediation or continued business-to-business discussions at a sensible time. The Parties do not request a settlement conference at this time.

Hon. Henry J. Ricardo
June 29, 2026
Page 5

Respectfully submitted,

*/s/ Henninger S. Bullock*
**MAYER BROWN LLP**
**Henninger S. Bullock**
hbullock@mayerbrown.com
**Richard A. Spehr**
rspehr@mayerbrown.com
**Victoria F. Lowry**
vbell@mayerbrown.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 8490-5528

***Attorneys for Defendants Shaw
Cablesystems G.P. and Shaw
Satellite G.P.***

**IRELL & MANELLA LLP**
**Benjamin Hattenbach** (*pro hac vice*)
Email: bhattenbach@irell.com
**Charlotte J. Wen** (*pro hac vice*)
Email: cwen@irell.com
**Jordan Nafekh** (*pro hac vice*)
Email: jnafekh@irell.com
1800 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**A. Matthew Ashley** (*pro hac vice*)
Email: mashley@irell.com
**Jie Gao**
Email: jgao@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

**SHAPIRO ARATO BACH LLP**
**Jonathan P. Bach**
Email: jbach@shapiroarato.com
1140 Avenue of the Americas, 17th FL.
New York, NY  10036
Telephone: (212) 257-4880

***Attorneys for Plaintiffs Adeia Guides Inc.,
Adeia Media Solutions Inc., and Adeia Media
Holdings LLC***

cc:      Counsel of Record